UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Harold Combs,                                                    Case No. 3:13-cv-02723

                Plaintiff

      v.                                                        ORDER

Jason Bunting, et al.,

                Defendants

        Defendants Bunting, Schmalz, Smith, Lyon, Ferguson, and the Ohio Department of Rehabilitation and Correction Bureau of Classification[1] have filed a motion for summary judgment, seeking dismissal of Plaintiff Harold Combs's complaint due to Combs's alleged failure to exhaust his administrative remedies prior to filing suit. (Doc. No. 26). Combs has filed a brief in opposition, (Doc. No. 37), and Defendants have filed a brief in reply. (Doc. No. 38). For the reasons stated below, Defendants' motion is granted.

        Under 42 U.S.C. § 1997e, an inmate must completely exhaust the prison grievance system before filing a lawsuit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citing *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998)). There are several levels to the grievance system in the Ohio Department of Rehabilitation and Correction, culminating in an opportunity to appeal to the Office of the Chief Inspector. Ohio Admin. Code § 5120-9-31(K). Combs admits he did not receive the Chief Inspector's decision until weeks after he filed his complaint. (Doc. No. 37 at 2). Combs's

---

[1] The complaint identifies these defendants as Jason Bunting, Polly Schmalz, Dr. Lyon, Furgerson, R.D. Smith, and Bureau of Classification Committee. In its answer to the complaint, the Ohio Office of the Attorney General used the identifiers listed above. (*See* Doc. No. 17).

asserted belief that the Chief Inspector is biased against him and would not look favorably upon his grievance does not allow him to make an end-run around this statutory mandate. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Freeman*, 196 F.3d at 645 ("While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.").

Further, while Combs argues to the contrary, *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576 (6th Cir. 2014), does not excuse his failure to exhaust his administrative remedies prior to filing suit. (*See* Doc. No. 37 at 5). The court in *Himmelreich* addressed allegations that the prison grievance system was "functionally unavailable" due to threats the plaintiff allegedly received from prison officials. *Id.* at 578. Combs's use and ultimate-though-untimely exhaustion of the grievance system demonstrates he had administrative remedies available to him. Therefore, Defendants' motion is granted.

The motion to dismiss leaves unresolved Combs's claims against one defendant, identified as in the complaint as Dr. Hafer, and described as a medical doctor at Marion Correctional Institution. (Doc. No. 1 at 10). Dr. Hafer was served with a summons and copy of the complaint on March 5, 2014. (Doc. No. 8). To date, Dr. Hafer has not filed an answer to the complaint. The Ohio Office of the Attorney General did not file a notice of appearance on Dr. Hafer's behalf, and does not purport to file the motion to dismiss on behalf of Dr. Hafer. The Supreme Court has held a claim that a plaintiff has failed to exhaust his administrative remedies is an affirmative defense that the defendant must raise and establish. *Jones v. Bock*, 549 U.S. 199, 204 (2007). Additionally, section 1997e makes administrative exhaustion a precondition to suit rather than an element of subject matter or personal jurisdiction. 42 U.S.C. 1997e(a) ("No action shall be brought with respect to prison conditions . . . ."); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the

restriction as nonjurisdictional in character."); *Eberhart v. United States*, 546 U.S. 12, 16 (2005) ("Clarity would be facilitated . . . if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 400-01 (6th Cir. 2008) (concluding administrative exhaustion of an age discrimination claim before the EEOC is a "statutory prerequisite to maintaining claims" brought under the Age Discrimination in Employment Act rather than "a limitation on federal courts' subject matter jurisdiction"). Accordingly, Combs's claims against Dr. Hafer remain.

    So Ordered.

                                                       s/ Jeffrey J. Helmick
                                                       United States District Judge